UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUNDA MECHELLE HOPE,

        Petitioner,

                              CASE NO. 2:07-CV-10518
v.                              HONORABLE NANCY G. EDMUNDS

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Shaunda Mechelle Hope ("Petitioner"), a state prisoner confined at the Robert Scott Correctional Facility in Plymouth, Michigan, has filed a *pro se* petition for writ of habeas corpus asserting that she is being held in violation of his constitutional rights. Petitioner was convicted of armed robbery, assault with intent to do great bodily harm, felonious assault, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. She was sentenced to 14 to 20 years imprisonment on the armed robbery conviction, a concurrent term of one to 10 years imprisonment on the assault with intent conviction, six months to four years imprisonment on the felonious assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2004.

In her pleadings, Petitioner raises claims concerning the admission of rebuttal testimony and the effectiveness of trial counsel. For the reasons stated herein, the Court denies the petition

1

for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II.     Facts

Petitioner's convictions stem from an armed robbery and assault which occurred on January 22, 2004 at a residence in Detroit, Michigan. The Michigan Court of Appeals set forth the background facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant's convictions arise from the armed robbery of Damond Lewis on January 22, 2004. Testimony at trial indicated that Lewis and an acquaintance, Ronald Roberts, went to buy marijuana from defendant's brother, Dedrick Hope. Upon arriving at the residence, Dedrick immediately accused Lewis of robbing the mother of his child the previous night. Dedrick drew two guns, directing Roberts into the kitchen and Lewis into the living room. Dedrick threatened to kill Lewis and began beating him with both guns. Defendant's son, Andre, also beat Lewis while defendant watched. Defendant joined in, threatening to kill Lewis while holding one of Dedrick's guns. Defendant also searched Lewis' pockets, taking approximately $100 and his "cap gun." She gave the money to her brother. Subsequently, Dedrick dragged Lewis toward the basement, ordering him to get in the basement so he could be tied up and killed. Lewis refused. Defendant hit him with her closed fist, and Dedrick placed a gun against Lewis' leg, pulling the trigger. After Dedrick left the house, Lewis and Roberts were allowed to leave. The police were contacted and defendant was arrested shortly thereafter. At trial, defendant denied any involvement. Under an aiding and abetting theory, defendant was convicted of armed robbery, assault with intent to do great bodily harm, felonious assault, and felony-firearm.

*People v. Hope*, No. 257400, 2005 WL 3478156, *1 (Mich. Ct. App. Dec. 20, 2005) (unpublished).

## III.    Procedural History

Following her convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising four claims of error, including the claims contained in the instant petition. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded

for re-sentencing. *Id*. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Hope*, 476 Mich. 855, 718 N.W.2d 354 (2006).

Petitioner thereafter filed her federal habeas petition, asserting the following claims:

I. Under the circumstances of this case, the presentation of rebuttal testimony allowed the prosecution to improperly divide the evidence between its case-in-chief and rebuttal.

II. Defense counsel failed to object to the trial court's incorrect aiding and abetting instruction thereby depriving her effective assistance of counsel and a fair and impartial trial.

III. Defense counsel's failure to object to the prosecution's closing arguments, which improperly set forth a personal belief in guilt and vouched for witnesses, is ineffective assistance of counsel and denied her a fair trial.

Respondent has filed an answer to the petition asserting that it should be denied because the claims are barred by procedural default and/or lack merit.

**IV. Analysis**

**A. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings

4

of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Rebuttal Testimony Claim

Petitioner first asserts that she is entitled to habeas relief because the trial court erred in allowing victim Damond Lewis to be recalled as a rebuttal witness. The testimony concerned Lewis' possession of a cap gun in his pocket at the time of the crime. Ronald Robertson, who was called to the stand after Lewis, testified that Lewis had a cap gun in his pocket when they went to the residence to purchase the marijuana. Defense counsel cross-examined Robertson about the toy gun to determine whether it was relevant to the crime. The prosecution then asked to recall Lewis to the stand to clarify the matter. Defense counsel objected to Lewis being recalled at that time, but agreed to him being recalled as a rebuttal witness. Respondent contends that this claim is barred by procedural default and lacks merit.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v.*

*Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing this claim, the court relied upon a state procedural bar -- Petitioner's failure to object to the rebuttal testimony at trial. *See Hope*, 2005 WL 3478156 at *2, 3 (stating that claim was not preserved and reviewing for plain error).[1] The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See*

---

[1] As noted, the record indicates that defense counsel objected to Damond Lewis being recalled during the prosecution's case-in-chief, but agreed to him being recalled during rebuttal. Consequently, this claim is not only unpreserved, but waived.

6

*McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied this claim based upon Petitioner's failure to properly object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse this procedural default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court notes that Petitioner cannot establish prejudice as this claim lacks merit. Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). The admission of Damond Lewis' rebuttal testimony concerning the toy gun did not render Petitioner's trial fundamentally unfair. As noted by the Michigan Court of Appeals in reviewing the claim for plain error, the testimony concerned a tangential issue which was not relevant to the elements of the charged offenses. *See Hope*, 2005 WL 3478156 at *4. Furthermore, given the significant evidence of guilt presented through the victim's testimony at trial, any error in allowing the rebuttal testimony was harmless and did not have a "substantial

and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

    **C.**    **Ineffective Assistance of Counsel Claims**

Petitioner also asserts that she is entitled to habeas relief because counsel was ineffective for failing to object to the trial court's aiding and abetting instruction and for failing to object to perceived prosecutorial misconduct. Respondent contends that these claims lack merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must

establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

### 1. Failure to Object to Jury Instructions

Petitioner first asserts that defense counsel was ineffective for failing to object to the trial court's aiding and abetting instruction. Citing the *Strickland* standard, the Michigan Court of Appeals concluded that counsel was not ineffective because the jury instructions "accurately stated the law" such that any objection would have been futile. *See Hope*, 2005 WL 2478156 at *4. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Given the Michigan Court of Appeals' determination that the jury

9

instructions were proper under Michigan law,[2] Petitioner cannot establish that counsel was deficient or that he was prejudiced by counsel's conduct. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Habeas relief is therefore not warranted on this claim.

Moreover, in order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). State law instructional errors rarely form the basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 71-72.

Under Michigan law, one who procures, counsels, aids, or abets in the commission of an offense may be convicted and punished as if he or she directly committed the offense. *See* Mich. Comp. L. § 767.39. In this case, the trial court gave Michigan's standard specific intent jury instruction and the aiding and abetting instruction. The trial court properly instructed the jury on aiding and abetting by stating that the jury must find that Petitioner possessed the same intent as the principal for the crimes charged. The trial court informed the jury that Petitioner

---

[2]State courts are the final arbiters of state law and federal courts do not intervene in such decisions. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

must have intended the commission of the crime charged or have known that another person intended its commission at the time of the giving aid or encouragement, and that the mere fact that she may have been present when the crime was committed was insufficient to find her guilty. The Michigan Court of Appeals' decision that the trial court properly instructed the jury is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Petitioner has not shown that the jury instructions were erroneous or that they rendered her trial fundamentally unfair. Habeas relief is not warranted on such a basis.

### 2. Failure to Object to Prosecutorial Misconduct

Petitioner also asserts that counsel was ineffective for failing to object to the prosecutor's closing arguments which she claims expressed a personal belief in guilt and vouched for the credibility of the witnesses. The Michigan Court of Appeals concluded that counsel was not ineffective for failing to object because the prosecutor's actions were not objectionable. The court determined that the prosecutor did not imply that she had special or personal knowledge of guilt and that she properly commented on the witnesses' credibility in response to defense arguments. *See Hope*, 2005 WL 2478156 at *5.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner cannot establish that trial counsel was ineffective because her prosecutorial misconduct claims lack merit. The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor's remarks or conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

11

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases). First, the court must determine whether the challenged statements were indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1) whether the statements tended to mislead the jury or prejudice the accused; 2) whether the statements were isolated or among a series of improper statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

Petitioner asserts that the prosecutor expressed a personal belief in her guilt and improperly vouched for prosecution witnesses' credibility by stating that the prosecution proved its case beyond a reasonable doubt and by using phrases such as "I think" and "they told the truth." It is well-settled that it is improper for a prosecutor to express his or her own personal beliefs as to a defendant's guilt or to express personal opinions concerning a witness's credibility. *See United States v. Young*, 470 U.S. 1, 9-10 (1985); *United States v. Modena*, 302 F.3d 626, 634 (6th Cir. 2002). Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury which supports the charge against the defendant thereby infringing upon the defendant's right to be judged solely based

upon the evidence presented and because the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own. *See United States v. White*, 58 Fed. Appx. 610, 617-18 (6th Cir. 2003) (citing cases).

While the prosecutor prefaced some comments with the phrase "I think" and argued that the prosecution witnesses were being truthful, the prosecutor referenced the evidence presented at trial to argue that Petitioner was guilty and the witnesses were worthy of belief. A prosecutor has leeway to argue reasonable inferences from the evidence. *See Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000). Moreover, a prosecutor may argue from the facts that a witness is (or is not) worthy of belief. *See Portuondo v. Agard*, 529 U.S. 61, 69 (2000). The prosecutor did not express a personal belief in Petitioner's guilt nor improperly vouch for prosecution witnesses. Rather, the prosecutor argued that Petitioner's guilt had been established beyond a reasonable doubt based upon the evidence. Petitioner has not shown that the prosecutor's remarks were improper or that they were so flagrant as to result in a denial of due process. She has thus failed to establish that defense counsel erred or that she was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in her petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas

13

claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 at 484-85.

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling as to Petitioner's first habeas claim and that Petitioner has failed to make a substantial showing of the denial of a constitutional rights as to each of her claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 3, 2008, by electronic and/or ordinary mail.

                                                s/Carol A. Hemeyer
                                                Case Manager